IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BRANDON SANFORD, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:20-cv-935 |
| PALM HARBOR VILLAGES, INC. d/b/a PALM HARBOR HOMES | § § § § | |
| Defendant. | § § | |

## PLAINTIFF BRANDON SANFORD'S ORIGINAL COMPLAINT AND JURY DEMAND

### Introduction

1. Plaintiff Brandon Sanford is a former employee of Defendant Palm Harbor Villages, Inc. d/b/a Palm Harbor Homes. Plaintiff brings this action under the Uniformed Services Employment and Reemployment Rights Act (USERRA) for wrongful termination. Plaintiff was involuntarily discharged from employment because he advised his general manager that he had started the process to re-enlist in the U.S. Air Force. As such, Plaintiff was discriminated against in violation of USERRA. Plaintiff now sues for damages.

### Parties

2. Plaintiff Brandon Sanford is an individual residing at 3110 Thousand Oaks Dr., Apt 928, San Antonio, Texas 78247. He may be served with papers in this case through the undersigned counsel.

3. Defendant Palm Harbor Villages, Inc. is a corporation organized under the laws of the State of Delaware. Defendant Palm Harbor Villages, Inc. maintains its principal place of

business at 1001 N. Central Avenue, Suite 800, Phoenix, Arizona 85004. It may be served through its registered agent, Corporation Service Company dba CDC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin Texas 78701.

## Jurisdiction and Venue

4. The Court possesses subject-matter jurisdiction over this case under 28 U.S.C. Section 1331 because Plaintiff sues under USERRA, a federal statute that creates a private right of action. The Court possesses personal jurisdiction over Defendant because Defendant maintains offices in Texas and regularly conducts business in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred within the District.

## Cause of Action: Violations of USERRA

5. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 4 supra.

6. Defendant describes itself as the nation's leading builder of modular and manufactured home construction housing. Defendant is an "employer" within the meaning of USERRA in that it is an "organization or other entity that pays salary or wages for work performed or that has control over employment opportunities." See 38 U.S.C. 4303(4)(A). Likewise, Plaintiff was an "employee" under USERRA because he was employed by Defendant as a sales person at Defendant's location in San Antonio, Texas from August 2017 until September 21, 2019, when he was discharged from employment by the San Antonio General Manager, Cliff Weeks. Plaintiff consistently ranked as one of Defendant's top-producing sales representatives. He was paid a draw and commissions on sales he made.

7. Plaintiff is a veteran of the U.S. Airforce, having served from 2002 to 2006. On or about August 5, 2019, Plaintiff applied for enlistment in the Air Force. He visited the Air Force recruiting station on Wurzbach Road in San Antonio and completed the paperwork for re-enlistment as well as the paperwork for waivers (associated with being a single parent). Plaintiff

2

sought enlistment in the Air Force. A week or two later, Plaintiff also applied for a federal civil service job with the U.S. Air Force in the event that, for some reason, he was not accepted in the military.

8. On or around September 20, 2019, Plaintiff met with Mr. Weeks and advised him that he was seeking to re-enlist, and if this did not work out, he was also applying for a federal civil service job with the Air Force. Mr. Weeks advised Plaintiff that seeking alternate employment was grounds for immediate discharge from employment. Plaintiff advised Mr. Weeks that he wanted to remain employed until he went into the military, which was likely several months away. Mr. Weeks stated that he would talk to the Vice President and let him know the Company's decision.

9. On or about the following day, September 21, 2019, Mr. Weeks summoned Plaintiff into his office to advise Plaintiff that he was terminated effective immediately. Mr. Weeks stated that if Plaintiff left without issue, then he would be classified as eligible for rehire. Plaintiff politely expressed his disappointment. Plaintiff also asked whether he would be paid on his pending sales (Plaintiff had 15-20 sales in the works, which would likely result in commissions of $50,000.00 or more). Mr. Weeks stated it was company policy only to pay commissions on deals that were closed, and Plaintiff only had one closed deal at the time. However, as a concession, Mr. Weeks agreed to pay Plaintiff on several other pending deals, which amounted to commissions somewhere between $8,000.00 and $13,000.00. Mr. Weeks also agreed to pay Plaintiff $500.00 on each of several other pending deals.

10. On or about September 22, 2019, Plaintiff applied for unemployment compensation benefits. Defendant opposed the application, falsely claiming that Plaintiff quit his employment. As a result, Plaintiff's application for benefits was denied. Plaintiff appealed, and

after an evidentiary hearing in January of 2020, the decision was overturned because the Appeal Tribunal determined that Plaintiff had not in fact quit.

11. USERRA states in relevant part: "A person who is a member of, applies to be a member of, . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership or obligation." 38 U.S.C. Section 4311(a).

12. Plaintiff avers and will establish that his application for membership in the U.S. Air Force was a motivating factor in Defendant's decision to discharge Plaintiff from employment. As a result of his illegal discharge from employment, Plaintiff has suffered lost wages and benefits for which he now sues. Additionally, because Defendant's actions were willful, Plaintiff is entitled to an award of liquidated damages. And because Plaintiff has had to retain legal counsel to vindicate his legal rights, Plaintiff is entitled to an award of attorney fees.

## Jury Demand

13. Plaintiff demands a trial by jury.

## Conclusion and Prayer

14. Plaintiff prays that, upon final judgment, he be awarded:

a. Lost wages and benefits in the past;

b. Liquidated damages;

c. Attorney fees and costs of court; and

d. All other relief to which he is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
BRANDON SANFORD