IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| BRANDON SANFORD, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 5:20-cv-00935 |
| § | |
| PALM HARBOR VILLAGES, INC., § | |
| d/b/a PALM HARBOR HOMES, § | |
| § | |
| Defendant. § | |

## DEFENDANT'S ORIGINAL ANSWER AND DEFENSES

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Palm Harbor Villages, Inc., a wholly-owned subsidiary of Cavco Industries, Inc. (erroneously named as "Palm Harbor Villages, Inc. d/b/a Palm Harbor Homes") ("Defendant") files this Answer and Defenses to Plaintiff's Original Complaint ("Complaint"), and in support thereof, would respectfully show the Court the following:

### [Plaintiff's] Introduction

1. Plaintiff Brandon Sanford is a former employee of Defendant Palm Harbor Villages, Inc. d/b/a Palm Harbor Homes. Plaintiff brings this action under the Uniformed Services Employment and Reemployment Rights Act (USERRA) for wrongful termination. Plaintiff was involuntarily discharged from employment because he advised his general manager that he had started the process to re-enlist in the U.S. Air Force. As such, Plaintiff was discriminated against in violation of USERRA. Plaintiff now sues for damages.

**ANSWER: Defendant admits it previously employed Plaintiff Brandon Sanford and admits that Plaintiff brings this action under the Uniformed Services Employment**

and Reemployment Rights Act (USERRA) for wrongful termination and that he now sues for damages. Defendant denies any violation of the law, Plaintiff's entitlement to damages, and all other allegations in Paragraph 1 of the Complaint.

## Parties

2. Plaintiff Brandon Sanford is an individual residing at 3110 Thousand Oaks Dr., Apt 928, San Antonio, Texas 78247. He may be served with papers in this case through the undersigned counsel.

**ANSWER: Defendant is without information or knowledge regarding Plaintiff's current residence and therefore, denies the same.**

3. Defendant Palm Harbor Villages, Inc. is a corporation organized under the laws of the State of Delaware. Defendant Palm Harbor Villages, Inc. maintains its principal place of business at 1001 N. Central Avenue, Suite 800, Phoenix, Arizona 85004. It may be served through its registered agent, Corporation Service Company dba CDC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin Texas 78701.

**ANSWER: Defendant admits Palm Harbor Villages, Inc., a wholly-owned subsidiary of Cavco Industries, Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business at 15301 Spectrum Dr., Suite 500, Addison, Texas 75001. Defendant admits it was served with process. Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's complaint.**

## Jurisdiction and Venue

4. The Court possesses subject-matter jurisdiction over this case under 28 U.S.C. Section 1331 because Plaintiff sues under USERRA, a federal statute that creates a private right

of action. The Court possesses personal jurisdiction over Defendant because Defendant maintains offices in Texas and regularly conducts business in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiffs claims occurred within the District.

> **ANSWER:  Defendant admits the allegations in Paragraph 4 of the Complaint.**

### [Plaintiff's] Cause of Action: Violations of USERRA

5.  Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 4 supra.

> **ANSWER:  Defendant reasserts and incorporates its answers to Paragraphs 1-4 of the Complaint above.**

6.  Defendant describes itself as the nation's leading builder of modular and manufactured home construction housing. Defendant is an "employer" within the meaning of USERRA in that it is an "organization or other entity that pays salary or wages for work performed or that has control over employment opportunities." See 38 U.S.C. 4303(4)(A). Likewise, Plaintiff was an "employee" under USERRA because he was employed by Defendant as a sales person at Defendant's location in San Antonio, Texas from August 2017 until September 21, 2019, when he was discharged from employment by the San Antonio General Manager, Cliff Weeks. Plaintiff consistently ranked as one of Defendant's top-producing sales representatives. He was paid a draw and commissions on sales he made.

> **ANSWER:  Defendant admits the first allegation and second allegation of Paragraph 6 of the Complaint.  Defendant admits it employed Plaintiff as both a housing consultant and a sales manager at its location in Seguin, Texas, and at its location in San Antonio, Texas, from August 10, 2017, through September 24, 2019.**

**Defendant denies that it paid Plaintiff a draw plus commissions. Defendant paid Plaintiff a salary plus commission. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.**

7. Plaintiff is a veteran of the U.S. Air Force, having served from 2002 to 2006. On or about August 5, 2019, Plaintiff applied for enlistment in the Air Force. He visited the Air Force recruiting station on Wurzbach Road in San Antonio and completed the paperwork for re-enlistment as well as the paperwork for waivers (associated with being a single parent). Plaintiff sought enlistment in the Air Force. A week or two later, Plaintiff also applied for a federal civil service job with the U.S. Air Force in the event that, for some reason, he was not accepted in the military.

**ANSWER: Defendant is without information or knowledge sufficient to admit or deny the allegations in Paragraph 7 of the Complaint, and therefore, denies the same.**

8. On or around September 20, 2019, Plaintiff met with Mr. Weeks and advised him that he was seeking to re-enlist, and if this did not work out, he was also applying for a federal civil service job with the Air Force. Mr. Weeks advised Plaintiff that seeking alternate employment was grounds for immediate discharge from employment. Plaintiff advised Mr. Weeks that he wanted to remain employed until he went into the military, which was likely several months away. Mr. Weeks stated that he would talk to the Vice President and let him know the Company's decision.

**ANSWER: Defendant admits that on September 23, 2019, General Manager Cliff Weeks met with Plaintiff, at which time Plaintiff told Mr. Weeks that he had been**

**interviewing for another job and that he intended to begin this new job in November 2019. Defendant admits that Mr. Weeks told Plaintiff that searching for alternative employment while still actively employed with Defendant was grounds for termination. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.**

9.  On or about the following day, September 21, 2019, Mr. Weeks summoned Plaintiff into his office to advise Plaintiff that he was terminated effective immediately. Mr. Weeks stated that if Plaintiff left without issue, then he would be classified as eligible for rehire. Plaintiff politely expressed his disappointment. Plaintiff also asked whether he would be paid on his pending sales (Plaintiff had 15-20 sales in the works, which would likely result in commissions of $50,000.00 or more). Mr. Weeks stated it was company policy only to pay commissions on deals that were closed, and Plaintiff only had one closed deal at the time. However, as a concession, Mr. Weeks agreed to pay Plaintiff on several other pending deals, which amounted to commissions somewhere between $8,000.00 and $13,000.00. Mr. Weeks also agreed to pay Plaintiff $500.00 on each of several other pending deals.

**ANSWER: Defendant admits that at the time of Plaintiff's termination, on September 24, 2019, Mr. Weeks informed Plaintiff that it was company policy to pay commissions only on deals that were closed. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.**

10. On or about September 22, 2019, Plaintiff applied for unemployment compensation benefits. Defendant opposed the application, falsely claiming that Plaintiff quit his employment. As a result, Plaintiffs application for benefits was denied. Plaintiff appealed, and

after an evidentiary hearing in January of 2020, the decision was overturned because the Appeal Tribunal determined that Plaintiff had not in fact quit.

> **ANSWER:  Defendant is without information or knowledge sufficient to admit or deny the date upon which Plaintiff filed for unemployment benefits, and therefore, denies the same.  Defendant admits that Plaintiff filed for unemployment benefits.  Defendant admits that it responded to Plaintiff's application for unemployment benefits by selecting the category for the separation reason as "voluntary – for another job."  Defendant admits that the Texas Workforce Commission denied Plaintiff's claim for unemployment benefits and that Plaintiff appealed.  Defendant admits that the Appeal Tribunal conducted an evidentiary hearing on January 31, 2020, and thereafter, determined Plaintiff was eligible to receive unemployment benefits.  Defendant denies all remaining allegations in Paragraph 10 of the Complaint.**

11.     USERRA states in relevant part: "A person who is a member of, applies to be a member of, . . . or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership or obligation." 38 U.S.C. Section 4311(a).

> **ANSWER:  Paragraph 11 is a statement of law, which Defendant is not required to admit or deny.**

12.     Plaintiff avers and will establish that his application for membership in the U.S. Air Force was a motivating factor in Defendant's decision to discharge Plaintiff from

employment. As a result of his illegal discharge from employment, Plaintiff has suffered lost wages and benefits for which he now sues. Additionally, because Defendant's actions were willful, Plaintiff is entitled to an award of liquidated damages. And because Plaintiff has had to retain legal counsel to vindicate his legal rights, Plaintiff is entitled to an award of attorney fees.

**ANSWER: Defendant denies the allegations in Paragraph 12 of the Complaint, including Plaintiff's entitlement to any damages whatsoever.**

### Jury Demand

13. Plaintiff demands a trial by jury.

**ANSWER: Defendant admits that Plaintiff has demanded a trial by jury.**

### [Plaintiff's] Conclusion and Prayer

14. Plaintiff prays that, upon final judgment, he be awarded:

a. Lost wages and benefits in the past;

b. Liquidated damages;

c. Attorney fees and costs of court; and

d. All other relief to which he is entitled.

**ANSWER: With regard to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to judgment against Defendant and denies that Plaintiff is entitled to the relief sought or any relief at all.**

### AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Plaintiff's claim is barred, in whole or in part, by his failure to state a claim upon which relief may be granted.

2. Plaintiff did not disclose to Defendant that he had applied to reenlist in the military, such that Plaintiff's uniformed services status could not have been, and was not, a motivating factor of any decision by Defendant.

3. Plaintiff's claim is barred, in whole or in part, because all actions taken by Defendant with respect to Plaintiff were undertaken in good faith and for legitimate business reasons and were not in any way motivated by improper and/or other illegal motive.

4. Plaintiff's claim for liquidated damages is barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of liquidated damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff of any protective rights, are not so wanton or willful as to support an award of liquidated damages, and do not otherwise entitle Plaintiff to liquidated damages

5. Plaintiff's claim is barred, in whole or in part, by the doctrines of equitable estoppel and/or unclean hands.

6. Plaintiff's claim for damages is barred, in whole or in part, by the doctrines of offset and recoupment.

7. Plaintiff s claim is barred, in whole or in part, by Plaintiff's failure to mitigate his damages.

Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted. Defendant intends to rely on such other further defense, affirmative or otherwise, as may become available during discovery in this action, and reserves the right to amend its Answer to assert any such defense.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint and enter judgment in favor of Defendant, award Defendant its costs and attorneys' fees, and any other relief the Court deems just and proper.

Respectfully submitted,

/s/  *Tiffany Cox Stacy*
Tiffany Cox Stacy
State Bar No. 24050734
tiffany.cox@ogletree.com
Arnoldo J. Rodriguez
State Bar No. 24083756
aj.rodriguez@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 East Pecan Street, Suite 2700
San Antonio, Texas  78205
210.354.1300 (Tel.)
210.277.2702 (Fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2020, I electronically filed the foregoing with the Clerk of the Court, which will send notification of such filing to the following:

Michael V. Galo, Jr.
 GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
mgalo@galolaw.com

/s/ *Tiffany Cox Stacy*
Tiffany Cox Stacy / Arnoldo J. Rodriguez